IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Twin City Fire Insurance Co., | ) | |
| | ) | C.A. No: 4:13-CV-1922-RBH |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | (Non-Jury) |
| George T. Samaha, III, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's notice of motion and motion for default judgment. Before me are the plaintiff's complaint together with the exhibits contained therewith, plaintiff's motion for entry of default as to the defendant and the clerk's entry of default as to the defendant.

From a review of the pleadings in this case, it appears that it is an action for rescission of a policy of insurance issued by Twin City Fire Insurance Company (hereinafter referred to as "Twin City") to the defendant. This policy, which was a lawyer's professional liability insurance policy bearing number LT 1627373, had effective dates of coverage from April 28, 2012 through April 28, 2013. It provided certain coverages for claims arising out of the rendering of professional services by the defendant.

The issuance of this policy was based upon certain representations made and information provided by the defendant in connection with the application for insurance. A copy of that application was attached as Exhibit B to the summons and complaint. In that application, the defendant made certain representations. Specifically, he represented that no professional liability claims or suits had been made against him or any attorney in his firm during the last five years prior to February 19, 2012, which was the date the application was completed and submitted. He

also represented that he had not been disbarred, suspended, reprimanded, sanctioned or held in contempt by any court, administrative agency or regulatory body nor had he been the subject of any disciplinary complaint made to any of those entities.

According to the information contained in the complaint, which was unanswered by the defendant and is thus taken to be true, those representations were false and the defendant knew of their falsity. Specifically, at the time of the application, there were at least three malpractice suits either pending or which had been resolved within five years against the defendant. These included the following:

      a.    <u>Shawn Seddinger v. George Thomas Samaha, III</u>, 2010-CP-26-11552;

      b.    <u>Helen Sizemore v. George Thomas Samaha, III</u>, 2011-CP-26-904; and

      c.    <u>Richard Horne, et al v. George T. Samaha, III et al</u>, 2011-CP-26-5545.

In addition to these suits, at the time of the application, the defendant was the subject of an ongoing disciplinary investigation by the South Carolina Supreme Court. That investigation arose out of charges which were filed on August 14, 2009. In those charges, the office of disciplinary counsel alleged misconduct on the part of the defendant in his representation of Lillian J. McLure. There had been a two-day hearing related to these charges on June 30 and July 1, 2010. Those charges were pending at the time of his application and the defendant was subsequently suspended from the practice of law on August 1, 2012. Following the hearing, the hearing panel filed a report with the Commission on Lawyer's Conduct on December 15, 2011.

Following the issuance of the policy, the defendant, or others acting on his behalf, tendered four claims or potential claims to Twin City requesting defense and indemnity pursuant to the policy. These include the following:

      a.    <u>U.S. Bank Nat'l Assoc. v. Peter P. Martin, et al. v. George T. Samaha</u>, C.A. No. 2012-CP-26-9934, pending in the Court of Common Pleas, Horry County, South Carolina;

      b.    Claim of Peggy Randall;

      c.    Claim of John McDaid; and

      d.    Claim of Dennis Davidson.

Following the tender of the Martin litigation to it, Twin City agreed to defend under a reservation of rights. That claim was ultimately settled and has been resolved with finality.

Following the completion of the application, Twin City issued policy number LT 1627373 to the defendant. In paragraph E of Section IV: General Conditions of that policy provides as follows:

    **SECTION IV: GENERAL CONDITIONS**

\*\*\*

    **E.    APPLICATION**

      By accepting this policy, you agree:

      1.    The statements and representations in the application submitted to us are accurate and complete; and
      2.    We have issued this policy in reliance upon your statements and representations.

Following the tender of the claims by the defendant to it, Twin City filed the current action. The summons and complaint was filed on July 12, 2013. Thereafter, service of the summons and complaint was effected upon the defendant on August 13, 2013. The defendant failed to respond to the summons and complaint. Subsequently, counsel for Twin City moved for an entry of default on September 17, 2013. Default was thereafter entered on September 17, 2013. Given this default, the material allegations of the complaint are deemed admitted. <u>See</u>, e.g., <u>DirecTV, Inc. v. Pernites</u>, 200 Fed. Appx. 257, 258, 2006 WL 2711978 24007, \*1-2 (4th

3

Cir. 2006) ("In the context of a default judgment, '[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact' so a court must 'determine whether the well-pleaded allegations in [plaintiff's] complaint support the relief sought in th[e] action.'") (quoting Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)).

In its complaint, Twin City set forth a single cause of action for relief. That cause of action was for a rescission of the policy and a declaration that it is void *ab initio.*

Under South Carolina law, in order to rescind a policy of insurance, the insurer must prove:

(1)    the statement was false;

(2)    the falsity was known to the applicant;

(3)    the statement was material to the risk;

(4)    the statement was made with the intent to defraud the insurer; and

(5)    the insurer relied on the statement when issuing the policy.

Primerica Life Ins. Co. v. Ingram, 365 S.C. 264, 269, 616 S.E.2d 737, 738 (Ct.App. 2005). Further, in Government Employees Insurance Company v. Chavis, 254 S.C. 507, 513, 176 S.E.2d 131, 133-134 (1970), the South Carolina Supreme Court explained the importance of the insured providing truthful and full answers to application questions:

> Representations in an application for a policy of liability insurance should not only be true but full. The insurer has the right to know the whole truth. If a true disclosure is made, it is put on guard to make its own inquiries and determine whether or not the risk should be assumed. A misstatement of material facts by the applicant takes away its opportunity to estimate the risk under its contract. Inter-Ocean Ins. Co. v. Harkrader, 193 Va. 96, 67 S.E.2d 894. Where a fact is specifically inquired about, or a question so framed as to elicit a desire fact, a full disclosure must be made, and the insurer has the right to rely upon the answer. An applicant is required to make full answers without evasion, suppression, misrepresentation or concealment of material facts so that such statements will represent his knowledge of the hazards of loss. Appleman, Insurance Law and Practice, Vol. 12, section 7292, page 392.

In this case, Samaha appears to have made significant false representations on the Application for the Policy. He reported no professional liability claims or suits within five years of the date of the application. A review of the Horry County records reflects at least three lawsuits against Samaha in the five years prior to the Application date, all of which indicate that the primary claim is legal malpractice. In addition, Samaha represented that he was not the subject of any disciplinary complaint at the time he signed the Application. To the contrary, he was involved in a disciplinary action that had been pending since 2009. Thus, there is no question that Samaha made knowingly false representations in the Application.

It is apparent from the allegations of the complaint that all of these elements are present. Given the defendant's failure to respond, it appears that the only reasonable inference warranted by the information contained in the complaint is that the policy was procured by fraudulent misrepresentations. These misrepresentations and failures to disclose are so extensive that they could only have been made for the purpose of misleading the insurer, Twin City, into issuing a policy. It appears that Twin City, in fact, would never have issued the Policy if the defendant had instead revealed these facts in the Application. As such, it appears that rescission is proper. Floyd v. Ohio Gen. Ins. Co., 701 F.Supp. 1177, 1190 (D.S.C. 1988).

Based upon a review of the complaint and given the fact that the defendant is in default, the only conclusion which can be drawn is that Twin City is entitled to an order from this court rescinding the policy and declaring it to be void *ab initio* based upon the misrepresentations made by the defendant in connection with the application for insurance. It is thus ordered, adjudged and decreed that the policy bearing number LT 1627373 issued by Twin City to the defendant with effective dates of coverage from April 28, 2012, to April 28, 2013, be, and it is

hereby, declared to be void *ab initio* and of no force and effect.  It is also ordered, adjudged and decreed that the plaintiff is entitled to the cost of this action.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

July 31, 2014
Florence, South Carolina